WEDGEWOOD
Office of the General Counsel
ALAN M. DETTELBACH (SBN 137540)
adettelbach@wedgewood-inc.com
SETH P. COX (SBN 277239)
scox@wedgewood-inc.com
JULIE A. CHOI (SBN 281100)
jchoi@wedgewood-inc.com
ELAINE YANG (SBN 285318)
eyang@wedgewood-inc.com
2015 Manhattan Beach Blvd., Suite 100
Redondo Beach, CA 90278
Telephone:     (310) 640-3070
Facsimile:     (310) 640-3090

*Attorneys for Defendants,*
*Duke Partners II, LLC; Olivia Reyes; Sam*
*Chandra dba Law Office of Sam Chandra,*
*APC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELBA JEAN SPENCER,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCE MORTGAGE CORPORATION; AMCO SERVICE CORPORATION; OCWEN LOAN SERVICING LLC; DUKE PARTNERS II, LLC; SAM CHANDRA DBA LAW OFFICE OF SAM CHANDRA, APC; WESTERN PROGRESSIVE, LLC; OLIVIA REYES, DOES 1 THROUGH 10<br><br>Defendants | Case No.: 2:18-CV-09439-JAK-AS<br><br>**DEFENDANTS DUKE PARTNERS II, LLC'S, OLIVIA REYES', AND SAM CHANDRA DBA LAW OFFICE OF SAM CHANDRA, APC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Request for Judicial Notice filed concurrently herewith]*<br><br>Hearing Date:  March 18, 2019<br>Time:              8:30 a.m.<br>Courtroom:      10B<br>Judge: Honorable John A. Kronstadt |

1

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on March 18, 2019 at 8:30 a.m. or as soon thereafter as counsel may be heard, in Courtroom 10B of the above-entitled court located at 350 W. First Street, Los Angeles, CA 90012, defendants Duke Partners II, LLC, Olivia Reyes, Sam Chandra dba Law Office of Sam Chandra, APC (collectively, "Defendants") will, and hereby do, move, for an Order dismissing all claims asserted in plaintiff Melba Jean Spencer's ("Plaintiff") complaint against Defendants on the basis that the complaint fails to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), is unintelligible, and fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a) and 9(b).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

Pursuant to Central District Local Rule 7-3, this Motion is made after Defendant's counsel attempted to confer with Plaintiff to no avail. However, Plaintiff's address of record is a U.S. postal office location. Additionally, there is no phone number or email address listed on the Complaint.

Dated: December 5, 2018

WEDGEWOOD
OFFICE OF THE GENERAL COUNSEL

_____/s/ Elaine Yang_____
Elaine Yang
*Attorneys for Defendants Duke Partners II, LLC; Olivia Reyes; Sam Chandra dba Law Office of Sam Chandra, APC*

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Duke Partners II, LLC ("Duke"), Olivia Reyes ("Reyes"), Sam Chandra dba Law Office of Sam Chandra, APC ("Chandra") (collectively, "Defendants") hereby submit their memorandum of points and authorities in support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint ("Complaint") filed by plaintiff Melba Jean Spencer ("Plaintiff") and each and every cause of action brought against Defendants therein with regard to the real property located at 1827 Cochran Place, Los Angeles, California 90019 (the "Property").

## I.      INTRODUCTION

Plaintiff challenges the legality of her mortgage loan, which was secured by the Property. Plaintiff defaulted on the Deed of Trust and subsequently lost the Property to foreclosure. Duke purchased the Property at the foreclosure sale and subsequently filed an unlawful detainer action for possession of the Property. Chandra represented Duke in the unlawful detainer action. Plaintiff sues for (1) Fraud in Concealment; (2) Fraud in the Inducement; (3) Intentional Infliction of Emotional Distress; (4) Slander of Title; (5) Quiet Title; (6) Declaratory Relief; (7) Rescission. However, Defendants had no involvement with the underlying mortgage loan or its servicing. Additionally, neither Chandra nor Reyes had any involvement with the trustee's sale of the Property.

Plaintiff does not allege Defendants committed any wrongdoing, and none of Plaintiff's frivolous claims are sufficiently pleaded against any defendant, and all fail as a matter of law. Plaintiff will be unable to remedy any of the defects to state a claim against Defendants, and thus, the Court should dismiss the entire action with prejudice.

## II.     FACTUAL BACKGROUND

### A.      The Loan on the Property, Foreclosure Sale, and Unlawful Detainer Action

The Complaint provides no factual background and provides no supporting documentations with the Complaint. (*See generally,* Complaint.) However, based on the judicially noticeable documents, the facts are as follows:

3

Plaintiff, individually, obtained a Note in the amount of $550,000 secured by a Deed of Trust ("DOT") (the Note and DOT collectively referred to as "Loan") dated October 4, 2006 (Request for Judicial Notice ("RJN"), Exh. 1). The DOT listed the beneficiary as Mortgage Electronic Registration Systems, Inc. ("MERS") and the trustee as Chicago Title Company ("Chicago Title"). On June 10, 2015, the DOT was assigned to U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-through Certificates, Series 2007-4N ("U.S. Bank"). (RJN, Exh. 2.) On September 10, 2015, a Substitution of Trustee was recorded, substituting Chicago Title for Western Progressive Trustee, LLC ("Western Progressive") as the trustee under the DOT. (RJN, Exh. 3.)

Plaintiff defaulted on the Loan, and on November 25, 2015, Western Progressive recorded a Notice of Default and Election to Sell ("NOD") against the Property. (RJN, Exh. 4.) On May 31, 2016, Western Progressive recorded a Notice of Trustee's Sale ("NOTS") against the Property. (RJN, Exh. 5.)

On July 6, 2017, Duke Partners II, LLC ("Duke") purchased the Property at the trustee's sale conducted by Western Progressive for $766,000. (RJN, Exh. 6.) On July 21, 2017, BPF perfected its title by recording a Trustee's Deed Upon Sale ("TDUS") issued by CTDS. (*Id*.)

On July 28, 2017, Duke, who was represented by Chandra, filed an unlawful detainer action for possession of the Property. (RJN, Exh. 7.) Judgment was entered in Duke's favor on December 11, 2017. (RJN, Exh. 8.) Plaintiff alleges, without any factual support "Chandra(s) [sic] judgment is void" (Complaint, p. 15.) Specifically, Plaintiff appealed this judgment, but abandoned the appealed on March 22, 2018. (RJN, Exh. 9.)

There are no factual allegations as to any Defendants. Defendants were not a party to the Loan at any time. Moreover, Chandra and Reyes had no involvement with the trustee's sale of the Property. Plaintiff fails to allege, and is unable to allege, otherwise.

///

///

///

4

NOTICE OF MOTION AND MOTION TO DISMISS

III. **LEGAL ARGUMENT**

A. S<small>TANDARDS</small> A<small>PPLICABLE</small> T<small>O</small> 12(<small>B</small>)(6) M<small>OTIONS</small>

A complaint must be dismissed where it "fail[s] to state a claim upon which relief may be granted." (Fed. R. Civ. P. § 12(b)(6).) A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claim or claims stated in the complaint. (*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). As such, the court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. (*Id.*)

For a complaint to survive a Rule 12(b)(6) motion, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." (*Id.*) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions." (*Id.*)

A complaint may be dismissed under Rule 12(b)(6) "based on the lack of a cognizable theory or the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).) Although the court is generally limited to the allegations of the Complaint on a 12(b)(6) motion, the court is permitted to take judicial notice of public documents as extrinsic evidence thereto. (*Lee v. City of Los Angeles,* 250 F.3d 668, 688-689 (2001).)

B. **The Entire Complaint is Unintelligible and Fails to Satisfy Pleading Requirements**

In order for a pleading to state a claim, a pleading must contain "a short and plain statement of the claim showing the pleaders is entitled to relief." (Fed. R. Civ. P. § 18(a)(2).) Allegations of fraud must also be pleaded with particularity. (Fed. R. Civ. P. § 9(b).)

The only allegation, which is unsupported by facts, against Defendants is that "Chandra(s) [sic] judgment is void" (Complaint, p. 15.) The remainder of the Complaint are conclusory statements. (*Bell Atlantic Corp., supra,* at 555.) Plaintiff fails to meet the pleading requirements of both Rules 9(b) and 18(a)(2) here, and thus, the Complaint must be dismissed with prejudice.

### C.   Duke is a Bona Fide Purchaser for Value

A bona fide purchaser ("BFP") for value who acquires its interest in real property without notice of another's asserted rights in the property takes the property free of such unknown rights. (*Melendrez v. D&I, Inv., Inc.*, 127 Cal.App.4th 1238, 1251 (2005).)  "The elements of bona fide purchase are payment of value, in good faith, and without actual or constructive notice of another's rights."  (*Gates Rubber Co. v. Ulman,* 214 Cal.App.3d 26, 364 (1989).)  A party's status as a BFP renders the foreclosure sale invulnerable to a plaintiff's challenge to title.  (*Melendrez*, *supra*, at 1250-1260.)  The "value" requirement does not require that the buyer's consideration be the fair market value of the property or anything approaching it; instead, the buyer need only part with something of value in exchange for the property.  (*Melendrez*, *supra*, at 1252.)

The entire Complaint fails against Duke as it establishes Duke took title to the Property as a BFP.  Duke purchased the Property at trustee's sale on July 6, 2017 for $766,000.  (RJN, Exh. 6.)  Plaintiff does not allege that Duke took title in bad faith, or with notice of any claim Plaintiff now assert.  (*See generally* Complaint.)  Duke perfected its interest in the Property by causing a TDUS to be recorded on July 21, 2017, and which includes a recitation that the Trustee conducted the sale in compliance with all applicable law.  (*Id.*)  Duke is thus entitled to a statutory presumption that the sale is valid.  (*See Residential Capital v. Cal–Western Reconveyance Corp.*, 108 Cal.App.4th 807, 817 (2003) (once trustee's deed was delivered, "there was a conclusive presumption of validity under section 2924".)  Where the recitations in the annexed TDUS show that Duke took title for payment of value, in good faith, and assumed all beneficial interest under the DOT, Duke is a BFP.

### D.   Plaintiff's Failure to Tender Defeats the Entire Complaint.

The Complaint is also subject to dismissal for Plaintiff's failure to credibly allege tender in the Complaint. A valid and viable tender is a prerequisite to stating any equitable cause of action challenging a foreclosure sale. (*Arnolds Mgmt. Corp. v. Eishen,* 158 Cal.App.3d 575, 578-79 (1984)). This rule mandates that Plaintiff alleges a tender of all amounts due under the loan in order to set aside a foreclosure sale. (*Id.*, at 580–81; *see also Briosos v. Wells Fargo Bank,* 2010

WL 3341043, at *12 (N.D. Cal. Aug. 25, 2010) (valid tender required to plead quiet title); *Abdallah v. United Savings Bank,* 43 Cal. App.4th 1101, 1109 (1966) (demurrer sustained without leave to amend due to failure to tender)). Here, Plaintiff seeks to challenge the foreclosure based on the central allegation that the Property wrongfully sold at trustee's sale. (*See generally*, Complaint). Plaintiff is thus required to tender the full amount due under DOT. (*Briosos*, *supra*, at *12; RJN, Exhs. 1-6). Plaintiff's Complaint does not allege a credible offer of tender. (*See generally*, Complaint.) The entire Complaint is thus subject to dismissal outright on this ground. The Court should grant Defendants' Motion in full accordingly.

### 1.     The First through Seventh Causes of Actions Fail Against Defendants

Plaintiff's Complaint fails for all of the reasons established above. In addition, the "causes of action" alleged in the Complaint fail to allege any facts against Defendants. (*See generally*, Complaint.) Specifically, the causes of action and counts are as follows: (1) Fraud in Concealment; (2) Fraud in the Inducement; (3) Intentional Infliction of Emotional Distress; (4) Slander of Title; (5) Quiet Title; (6) Declaratory Relief; (7) Rescission.

Plaintiff lumps all defendants as "Respondents" throughout the Complaint without specifying which allegation is attributable to Defendants. The only allegation, which is unsupported by facts, against Defendants is that Plaintiff alleges, without any factual support "Chandra(s) [sic] judgment is void" (Complaint, p. 15.) Specifically, Plaintiff appealed this judgment, but abandoned the appealed on March 22, 2018. (RJN, Exhs. 8-9.) As demonstrated in the judicially noticeable documents, Chandra was Duke's attorney in the unlawful detainer action and a judgment was entered in Duke's favor. (RJN, Exh.7-8.) More importantly, Plaintiff abandoned her appeal of this judgment, which reinstates the judgment as final. (RJN, Exh. 9; *Stevens v. Parke, Davis & Co.,* 9 Cal.3d 51, 63 (1973) (citing *Miller v. Los Angeles County Flood Control District* 8 Cal.3d 689, 699 (1973).)

As demonstrated in the judicially noticeable documents, Defendants were not a party to the Loan, did not service the loan, did not conduct the trustee's sale of the Property, and do not currently hold title to the Property. (RJN, Exhs. 10.) Nor does Plaintiff allege otherwise. (*See*

NOTICE OF MOTION AND MOTION TO DISMISS

*generally*, Complaint.)

Plaintiff also alleges no wrongdoing by Defendants as it relates to any causes of actions and counts. Therefore, the Complaint should be dismissed.

### E.    THE COURT SHOULD DENY LEAVE TO AMEND.

It is impossible for Plaintiff to remedy the inadequacies of the Complaint to state a cause of action against Duke, and thus the Court should deny leave to amend. A court need not permit an amendment to a complaint challenged by a 12(b)(6) motion if "it determines that the pleading could not possibly be cured by the allegation of other facts." (*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir. 1990); *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 339 (9th Cir. 1996) (upholding district court's decision to deny leave to amend where "leave to amend in this case would have been futile").)  Here, as all of Plaintiff's claims fail as a matter of law, she will be unable to cure by amendment. The Court should thus grant this Motion.

## IV.    CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Motion to Dismiss be granted without leave to amend.

Dated: December 5, 2018                     WEDGEWOOD
                                            OFFICE OF THE GENERAL COUNSEL

                                            _____/s/ Elaine Yang_____
                                            Elaine Yang
                                            *Attorneys for Defendants*
                                            *Duke Partners II, LLC; Olivia Reyes; Sam*
                                            *Chandra dba Law Office of Sam Chandra,*
                                            *APC*

NOTICE OF MOTION AND MOTION TO DISMISS

**<u>CERTIFICATE OF SERVICE</u>**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2015 Manhattan Beach Blvd., Suite 100, Redondo Beach, California 90278.

On December 5, 2018, I serve the following document(s) described as: **DEFENDANTS DUKE PARTNERS II, LLC'S, OLIVIA REYES', AND SAM CHANDRA DBA LAW OFFICE OF SAM CHANDRA, APC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

on the parties listed on the Court's ECF docket via electronic service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 5, 2018, at Redondo Beach, California

<u>/s/ Amelia Guisinger</u>

1