WEDGEWOOD
Office of the General Counsel
 ALAN M. DETTELBACH (SBN 137540)
 adettelbach@wedgewood-inc.com
 SETH P. COX (SBN 277239)
 scox@wedgewood-inc.com
 JULIE A. CHOI (SBN 281100)
 jchoi@wedgewood-inc.com
 ELAINE YANG (SBN 285318)
 eyang@wedgewood-inc.com
2015 Manhattan Beach Blvd., Suite 100
Redondo Beach, CA 90278
Telephone:    (310) 640-3070
Facsimile:    (310) 640-3090

*Attorneys for Defendants,*
*Duke Partners II, LLC; Olivia Reyes; Sam Chandra dba Law Office of Sam Chandra, APC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELBA JEAN SPENCER,<br><br>                                    Plaintiff,<br><br>vs.<br><br>ADVANCE MORTGAGE CORPORATION; AMCO SERVICE CORPORATION; OCWEN LOAN SERVICING LLC; DUKE PARTNERS II, LLC; SAM CHANDRA DBA LAW OFFICE OF SAM CHANDRA, APC; WESTERN PROGRESSIVE, LLC; OLIVIA REYES, DOES 1 THROUGH 10<br><br>                                    Defendants | **Case No.: 2:18-CV-09439-JAK-AS**<br><br>**DEFENDANTS DUKE PARTNERS II, LLC'S, OLIVIA REYES', AND SAM CHANDRA DBA LAW OFFICE OF SAM CHANDRA, APC'S  REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Hearing Date: March 18, 2019<br>Time:              8:30 a.m.<br>Courtroom:    10B<br>Judge: Honorable John A. Kronstadt |

Come now, defendants Duke Partners II, LLC, Olivia Reyes, Sam Chandra dba Law Office of Sam Chandra, APC (collectively, "Defendants"), in support of their Motion to Dismiss the Complaint of plaintiff "Spencer, Melba Jean" ("Plaintiff") and in Reply to Plaintiff's Opposition (Dkt. # 56), and state as follows:

## I. INTRODUCTION

Plaintiff's Opposition offers no argument nor authority sufficient to overcome Defendants' objections to the Complaint stated in the Motion to Dismiss ("Motion") (Dkt. # 13), which must thus carry. Plaintiff appears to challenge the legality of her mortgage loan, but fails to make any factual allegations as to Defendants' wrongdoing. Defendants moved to dismiss, arguing that Defendant Olivia Reyes ("Reyes") and Sam Chandra dba Law Office of Sam Chandra, APC ("Chandra") played absolutely no role in any of the proceedings, that Defendant Duke Partners II, LLC's ("Duke") only role is as a third party bona fide purchaser, that Plaintiff failed to tender (and was not excused from any related exceptions), that there are no grounds on which the Court may set aside the trustee's sale, and ultimately, that Plaintiff failed to state a cause of action against Defendants.

Plaintiff's Opposition utterly fails to address any of Defendants' arguments. Instead, the Opposition consists of references to the legal standard for pleadings and the Motion, without demonstrating how the defects identified in the Motion could be cured. As demonstrated in the Motion, Plaintiff's Complaint asserts conclusory allegations and does not ground her argument in the pleadings, noticeable fact, or governing law. Plaintiff fails to overcome any of the objections Defendants raise to the Complaint. The Court should thus grant Defendants' Motion with prejudice.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION

A federal court has subject matter jurisdiction for claims "arising under" the U.S. Constitution, treaties, federal statutes, administrative regulations or common law. (28 U.S.C. § 1331.) Supplemental jurisdiction is proper where the relationship between the federal and state claims is such that they "form part of the same case or controversy under Article III of the United States Constitution." (28 U.S.C. § 1367(a).)

Here, Plaintiff alleges a violation of Truth in Lending Act ("TILA"), among other claims. TILA arises under federal statute (i.e. 15 U.S.C. §§ 1601, et seq.), and Rescission is a remedy for TILA, and thus, invokes a federal question. Plaintiff's remaining causes of action are for California state court claims, but supplemental jurisdiction should be extended as these claims are transitionally related to the federal claim. Specifically, Plaintiff's state court claims all relate to the underlying loan and the foreclosure sale, which is the subject of Plaintiff's TILA and Rescission claims. This Court therefore has subject matter jurisdiction over this action as there is a federal question and Defendants request the Court exercise supplemental jurisdiction as to those claims that arise entirely under California law.

### III.  THE COURT SHOULD STRIKE PLAINTIFF'S DECLARATION FILED IN SUPPORT OF HER OPPOSITION

In support of her Opposition, Plaintiff filed a declaration, which is improper and should be disregarded. As a general rule, the Court may only consider the pleading at issue in determining the sufficiency of a Federal Rules of Civil Procedure, Rule 12(b)(6) motion, and the Court is not permitted to consider matters outside the complaint. (*Aprin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 999 (C.D. Cal. 2008).) If on a Rule 12(b)(6) motion, these extrinsic matters are not excluded, then the motion must be treated as one for summary judgment. (Fed. R. Civ. P. 12(d).) Thus, Defendants respectfully request the Court strike Plaintiff's declaration.

### IV.  THE COMPLAINT STILL FAILS TO SATISFY PLEADING REQUIREMENTS

As demonstrated in their Motion, the only allegation, which is unsupported by facts, against Defendants is that "Chandra(s) [sic] judgment is void." (Dkt # 1, p. 15.) The remainder of the Complaint are conclusory allegations that lump all defendants as "Respondents," and thus, it fails to give Defendants fair notice of what the claims are and what the grounds for those claims are. (*See* Dkt # 1; Fed. R. Civ. P. 8.) In her Opposition, Plaintiff fails to demonstrate how each allegation is "simple concise and direct" or what factual allegations can be pleaded to cure the deficiencies. (Fed. R. Civ. P. 8(a)(2)-(3).) Instead, Plaintiff argues that she is entitled to the presumption of truth of the allegations in the Complaint. (Dkt. # 56, 4:4-18.) However, the

3

REPLY IN SUPPORT OF MOTION TO DISMISS

1  presumption of truth does not apply to conclusory allegations, legal assertions or mere restatements
2  of the elements of a claim. (*Ashcroft v. Iqbal*, 556 U.S. 662, 680-681 (2009) (rejecting conclusory
3  allegations that defendants "knew of, condoned, and willfully and maliciously" agreed to mistreat
4  plaintiff); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 551 (2007); see *Telesaurus VPC, LLC v.*
5  *Power*, 623 F.3d 998, 1004-1005 (9th Cir. 2010) —court does not assume as true "complaint's
6  bare legal conclusion" that defendant is a common carrier.) Lastly, Plaintiff failed to meet the
7  heightened pleading standard for Fraud. Thus, the Complaint fails to satisfy pleading requirements
8  and should be dismissed for this basis.

## V. EACH CLAIM FAILS BECAUSE DUKE IS A BONA FIDE PURCHASER, PLAINTIFF FAILED TO TENDER, AND DEFENDANTS HAD NO INVOLVEMENT WITH THE LOAN

Even if Plaintiff were to plead factual allegations against Defendants, Plaintiff's claims still fails because Duke is a bona fide purchaser ("BFP") and Plaintiff fails to plead or dispute otherwise. (Dkt. #14, Exs. 1-6.) Additionally, in her Opposition, Plaintiff fails to demonstrate how she could plead tender, which is a requirement to plead quiet title and to challenge a voidable trustee's sale. Moreover, as demonstrated in the Motion, Defendants were not a party to the Loan, did not service the loan, did not conduct the trustee's sale of the Property, and do not currently hold title to the Property. Plaintiff's claims must additionally fail for these reasons.

## VI. THE COURT SHOULD NOT PERMIT LEAVE TO AMEND

The Court should grant Defendants' Motion to Dismiss the Complaint without leave to amend because any grant of leave to amend would be futile. A court need not permit an amendment to a complaint challenged by a 12(b)(6) motion if "it determines that the pleading could not possibly be cured by the allegation of other facts." (*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (upholding district court's decision to deny leave to amend where "leave to amend in this case would have been futile").) Here, as all of Plaintiff's claims fail as a matter of law, she will be unable to cure by amendment. Specifically, the judicially noticeable documents demonstrate that neither Reyes nor Chandra had any involvement with the underlying loan or

4

REPLY IN SUPPORT OF MOTION TO DISMISS

foreclosure and that Duke's involvement with the real property is limited to that of a third party purchaser. Nor does Plaintiff allege otherwise. The Court should therefore dismiss the Complaint with prejudice.

**VII. CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that this Motion to Dismiss be granted without leave to amend.

Dated: March 12, 2019                                        WEDGEWOOD
OFFICE OF THE GENERAL COUNSEL

                                                                                  /s/ Elaine Yang
                                                                                  Elaine Yang
*Attorneys for Defendants*
*Duke Partners II, LLC; Olivia Reyes; Sam Chandra dba Law Office of Sam Chandra, APC*

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2015 Manhattan Beach Blvd., Suite 100, Redondo Beach, California 90278.

On March 12, 2019, I serve the following document(s) described as: **DEFENDANTS DUKE PARTNERS II, LLC'S, OLIVIA REYES', AND SAM CHANDRA DBA LAW OFFICE OF SAM CHANDRA, APC'S  REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

on the parties listed on the Court's ECF docket via electronic service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 12, 2019, at Redondo Beach, California

/s/ Daniel Marcus

1

CERTIFICATE OF SERVICE