UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-09439 JAK (ASx) | Date | January 13, 2021 |
| Title | Melba Jean Spencer v. Advance Mortgage Corporation, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION (DKT. 86); ORDER TO SHOW CAUSE (DKT. 79)**

**JS-6: Advance Mortgage Corporation, AMCO Service Corporation, Western Progressive LLC**

**I.    Introduction**

On November 6, 2018, Spencer, Melba Jean ("Plaintiff"),[1] brought this action against Advance Mortgage Corporation ("Advance"), AMCO Service Corporation ("AMCO"), Ocwen Loan Servicing LLC ("Ocwen"), Duke Partners II, LLC ("Duke"), Sam Chandra ("Chandra"), Law Office of Sam Chandra, APC ("Chandra Office"), Western Progressive LLC ("Western"), Olivia Reyes ("Reyes"), and Does 1 through 10. Dkt. 1.

The Complaint alleges that Defendants "unlawfully sold, assigned, and/or transferred their unsecured ownership and allege[d] security interest in a promissory note and deed of trust" related to the property located at 1827 Cochran Place, Los Angeles, CA 90019 (the "Property"). Compl., Dkt. 1 at 7; Dkt. 19 at 9-10. Based on this principal allegation, the Complaint advances seven causes of action: (i) fraudulent concealment; (ii) fraud in the inducement; (iii) intentional infliction of emotional distress; (iv) slander of title; (v) quiet title; (vi) declaratory relief; and (vii) rescission. Dkt. 1 at 17-27. The claim for rescission is premised on the Truth in Lending Act ("TILA") 15 U.S.C. § 1601 *et seq.* Dkt. 1 at 7, 25-26. The Complaint also refers to the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2614 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.* Dkt. 1 at 7, 13-15.

On September 17, 2019, motions to dismiss (Dkts. 13, 16, 19) were granted-in-part. Dkt. 79 at 1-2. Plaintiff's claims under TILA against Ocwen, Duke, Chandra, and Reyes were dismissed with prejudice. Dkt. 79 at 7. Supplemental jurisdiction for the remaining state law claims against Ocwen, Duke, Chandra, and Reyes was declined and those claims were dismissed without prejudice. *Id.* at 10. Plaintiff was ordered to show cause why remaining defendants Advance, AMCO, and Western should not be dismissed for lack of prosecution. *Id.* at 10-11.

---

[1] Plaintiff Spencer, Melba Jean changed her named on August 22, 2017 from Melba Jean Spencer. Dkt. 17-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-09439 JAK (ASx) | | Date | January 13, 2021 |
|---|---|---|---|---|
| Title | Melba Jean Spencer v. Advance Mortgage Corporation, et al. | | | |

On October 7, 2019, Plaintiff filed a document titled "Motion and proposed Order" (the "Motion"). Dkt. 86.

For the reasons stated in this Order, the Motion is **DENIED**.

**II.    Motion**

The Motion presents the following claim for relief:

> I am asking that you do not grant rescind the motion of the grounds listed in my objection I did not consent to any motion in order specifically order to substitute plaintiff I was not given time to object to these proposed order also documents updated before I was given a reasonable time to ob[j]ect thank you in advance for your cooperation.

Dkt. 86 at 1.

The Motion also includes a paragraph that appears to be a proposed order. It reads as follows:

> This is an action for mortgage or the State and County of California[.] Subsequent to the initiation of the suit defendants file[d a] motion to dismiss on the grounds that plaintiff failed to substitute real party in interest on or about 7/7/7[.] [P]laintiff failed to respond in timely manner defendants were not given time to object to order as required by law and did not consent to this order as outlined in plaintiff['s] motion defendant moves pursuant to SCRP 17a and SCRP Rule 12a to rescind order for substitute plaintiff.

Dkt. 86 at 1.

The Motion appears to proceed under the impression that an order issued substituting the plaintiff and seeks to rescind that order. No such order substituting the plaintiff has issued in this action.

Moreover, the Motion appears to discuss a motion to dismiss brought "on the grounds that plaintiff failed to substitute real party in interest." No such motion was brought for failure to substitute a real party in interest. Two motions to dismiss were filed (Dkts. 13, 16). These motions to dismiss were granted-in-part. Dkt. 79. In as much as the Motion can be considered a motion for reconsideration of that order (Dkt. 79), the Motion is **DENIED**.

The Motion presents no meritorious arguments not raised in Plaintiff's papers submitted in opposition to the Motion. Dkts. 53, 54, 55, 56, 74. Fed. R. Civ. P. 54(b) provides that any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Reconsideration under Rule 54(b) should be assessed based on standards "similar to the ones set by Rules 59 and 60." *AmeriColor Corp. v. Kosto Food Prod. Co.*, No. 16-cv-29, 2016 WL 10576634, at *2 (C.D. Cal. June 30, 2016).

Local Rule 7-18 provides the following standards:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-09439 JAK (ASx) | Date | January 13, 2021 |
| Title | Melba Jean Spencer v. Advance Mortgage Corporation, et al. | | |

>A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

The Rule also provides that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.* Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

The Motion does not present a sufficient showing to merit the extraordinary remedy of reconsideration.

### III.    Order to Show Cause

Plaintiff was ordered to show cause in writing on or before October 4, 2019, why remaining defendants Advance, AMCO, and Western should not be dismissed for lack of prosecution. Dkt. 79 at 10-11. Plaintiff was required to file a response that "include[d] a statement as to whether Plaintiff intends to attempt to serve these defendants, a proposed deadline for doing so, and a statement as to why that deadline is reasonable in light of the amount of time that this matter has been pending." *Id.* That order continued to explain that, based upon a review of Plaintiff's response, a determination would be made as to whether to discharge the order to show cause or to dismiss Advance, AMCO, and Western from the action.

On October 4, 2019, Plaintiff filed a Response to Order to Show Cause (the "Response"). Dkt. 84. The Response stated that Plaintiff has "mailed petition/claim" to Advance, AMCO, and Western and that another attempt at service shall be made. *Id.* at 2. The Response attaches several documents entitled "Affidavit of Service" that are on letterhead marked "United Federal Court Los Angeles County." *Id.* at 6, 9. Also on October 4, 2019, Plaintiff filed a Proof of Service by Mail and this document stated that a person named Kyle Boyd had served an "Order to Show Cause" and "Affidavit in Support of Order to Show Cause" on Advance, AMCO, Duke, Ocwen, Chandra, Western, and Reyes. Dkt. 85 at 1-2. On November 12, 2019, Plaintiff filed another Proof of Service by Mail stating that Plaintiff had served a document titled "Original Petition/Claim of 11/6/2018" on Advance, AMCO, and Western. Dkt. 88 at 1-2.

Fed. R. Civ. P. 4(c) requires that a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(l) states that, "[u]nless service is waived, proof of service must be made to the court." A summons issued in this action. Dkt. 2. The summons included a form for proof of service. Plaintiff has never filed a proof of service that states that service of the summons has been completed on Advance, AMCO, or Western, even though Plaintiff has mailed the Complaint (Dkt. 1) to Advance, AMCO, and Western.

Fed. R. Civ. P. 4(m) requires that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-09439 JAK (ASx) | Date | January 13, 2021 |
|---|---|---|---|
| Title | Melba Jean Spencer v. Advance Mortgage Corporation, et al. | | |

has failed to serve defendants Advance, AMCO, and Western with the summons (Dkt. 2) in this action. Over two years have passed since this action was filed. Plaintiff was provided additional opportunities to effect service of process in compliance with the Federal Rules of Civil Procedure. Plaintiff requested entry of default against Advance, AMCO, Western, and Chandra. Dkt. 64. This request was denied because Chandra had already filed a response and because the "Proof of Service is lacking required information." *See* Dkt. 65.

Based on (i) Plaintiff's successive failures to comply with the requirements of Fed. R. Civ. P. 4 to serve properly the defendants in this action with a summons and the Complaint, (ii) the opportunities provided to Plaintiff to cure these failures, and (iii) the insufficiency of Plaintiff's response to the order to show cause, insufficient cause has been presented to discharge the order to show cause. Therefore, the claims advanced by the Complaint against Advance, AMCO, and Western are **DISMISSED WITHOUT PREJUDICE**.

### IV.   Conclusion

For the reasons stated in this Order, the Motion is Denied and the claims advanced by the Complaint against Defendants Advance, AMCO, and Western are **DISMISSED WITHOUT PREJUDICE**.

Due to the dismissal of claims by the Order regarding the motions to dismiss (Dkt. 79) and this Order, no live claims remain against any defendant in this action. Therefore, the case is closed.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | TJ |